UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KAI REEVES,

    Petitioner,

        v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 12-cv-588-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Kai Reeves' motion for appointment of counsel in this § 2255 proceeding (Doc. 20). Reeves specifically asks that Assistant Federal Public Defender Melissa Day, who was appointed to represent Reeves for the purposes of a recent hearing in this case, also be appointed for the rest of the case.

Whether to appoint an attorney to represent an indigent § 2255 petitioner is within the sound discretion of the district court. *Winsett v. Washington,* 130 F.3d 269, 281 (7th Cir. 1997). There is absolutely no right to appointment of counsel in a § 2255 case unless the absence of counsel would result in fundamental unfairness impinging on due process rights, *id.* (citing *La Clair v. United States*, 374 F.2d 486, 489 (7th Cir. 1967)); *see* 18 U.S.C. § 3006A(a)(2)(B) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section . . . 2255 of title 28."). Counsel is required to be appointed only "'if, given the difficulty of the case and the litigant's ability, [the petitioner] could not obtain justice without an attorney, [he] could not obtain a lawyer on [his] own, and [he] would have had a reasonable chance of winning with a lawyer at [his] side.'" *Winsett*, 130 F.3d at 281 (quoting *Forbes v. Edgar,* 112 F.3d 262, 264 (7th Cir. 1997)). The Court also has inherent authority to appoint counsel to ensure the orderly prosecution

of litigation in the district.

The Court notes that Reeves has set forth his arguments in support of his motion in a quite coherent, comprehensible manner and believes that, in light of Reeves' abilities and the relatively straightforward grounds for relief asserted, he will be able to obtain justice without an attorney. Accordingly, the Court **DENIES** the motion (Doc. 20).

**IT IS SO ORDERED.**
**DATED: March 18, 2014**

                                        s/J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**