UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KAI A. REEVES,

     Petitioner,

         v.                       Civil No. 12-cv-588-JPG

UNITED STATES OF AMERICA,       Criminal No 09-cr-40069-GPM

     Respondent.

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court on petitioner Kai A. Reeves' motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1), memorandum in support (Doc. 2), and amendment (Doc. 11).   The Government has responded (Docs. 8 & 24), and Reeves has replied to the later response (Doc. 25).

**I.     Background**

On July 9, 2010, Reeves entered an open plea to one count of conspiracy to distribute 50 grams or more of crack cocaine (Count 1), one count of conspiracy to distribute heroin (Count 2), one count of distribution of less than 5 grams of crack cocaine (Count 10), one count of distribution of 5 grams or more of crack cocaine (Count 11), and one count of distribution of heroin (Count 12).   The presentence investigation report ("PSR") prepared to assist the Court in sentencing Reeves found that Reeves' relevant conduct included 793 grams of crack cocaine and 100 grams of heroin.   The finding regarding crack cocaine was based on an observation reported to law enforcement by a confidential source.   Prior to the sentencing hearing, Reeves' counsel objected to the PSR's relevant conduct finding and the failure to apply the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372 (2010) (Doc. 536), but eventually withdrew

the relevant conduct objections.   On November 15, 2010, the Court[1] sentenced the petitioner to serve 121 months in prison, and judgment was entered November 22, 2012.   The petitioner did not appeal his conviction.

Reeves' § 2255 motion bears a signature date of November 24, 2011, and his supporting memorandum bears a signature date of November 24, 2012.   Both documents reached the Court for docketing on May 4, 2012.   In his § 2255 motion, Reeves argues that his trial counsel was constitutionally ineffective in violation of his Sixth Amendment rights for the following reasons:

- he failed to file a notice of appeal;

- he improperly withdrew the objections to the PSR's relevant conduct finding; and

- he failed to argue on appeal for application of the Fair Sentencing Act.

The Court later allowed Reeves to add the additional argument, based on *Alleyne v. United States*, 133 S. Ct. 2151 (2013), that his counsel was constitutionally ineffective for failing to argue that facts triggering a statutory minimum sentence must be proven to a jury beyond a reasonable doubt.

## II.   Analysis

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States."   28 U.S.C. § 2255.   However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations."   *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).   "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice."   *Kelly v. United States*, 29

---

[1] Reeves was sentenced by District Judge G. Patrick Murphy, who has since retired from the Court.   The undersigned judge has been assigned this § 2255 motion, has carefully reviewed the criminal file, including the transcripts of the plea and sentencing hearings, in preparation for ruling on the pending § 2255 motion.

F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted).   It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief."   28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

All of Reeves' claims in his § 2255 motion assert that his counsel was constitutionally ineffective in violation of his Sixth Amendment right to counsel.   The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."   U.S. Const. amend. VI.   This right to assistance of counsel encompasses the right to *effective* assistance of counsel.   *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009).   A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense.   *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011); *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009).

To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel.   *Wyatt*, 574 F.3d at 458.   The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance.   *Id.*   The Court's review of counsel's performance must be "highly deferential[,] . . . indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."   *Strickland*, 466 U.S. at 689; *accord Wyatt*, 574 F.3d at 458.   Counsel's performance must be evaluated keeping in mind that an attorney's

trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record.   *Strickland*, 466 U.S. at 689.   The Court cannot become a "Monday morning quarterback."   *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).

To satisfy the second prong of the *Strickland* test, the plaintiff must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different such that the proceedings were fundamentally unfair or unreliable. *Jones*, 635 F.3d at 915; *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006).   "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome."   *Adams*, 453 F.3d at 435 (citing *Strickland*, 466 U.S. at 694).

A.   Failure to File Notice of Appeal

The Court held a hearing on February 26, 2014, to address Reeves' argument that his counsel was constitutionally ineffective for failing to file a notice of appeal.   At that hearing, the Court heard testimony from Reeves (by telephone) and his trial counsel, Neal Connors, and received documentary evidence.   Based on the evidence, the Court rejected this argument as a basis for § 2255 relief.   The following is a brief recap of the Court's findings and conclusions, which were explained in more detail on the record of the hearing.

An attorney's failure to file a notice of appeal when requested to do so falls below objective standards for reasonably effective representation and, in fact, is tantamount to no representation at all on appeal.   In such circumstances, a petitioner is not required to show prejudice under the *Strickland* test.   Such abandonment is a *per se* violation of the petitioner's Sixth Amendment right to counsel.   *United States v. Nagib*, 56 F.3d 798, (7th Cir. 1995), *Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir. 1994).

4

At the February 26, 2014, hearing, Reeves testified that immediately after the sentencing hearing he had asked Connors to file a notice of appeal and that Connors said he would do so. Connors testified that at no time did Reeves ask him to file a notice of appeal and that, if he had, Connors would have done so as he has done in numerous other cases.   Based on the demeanor of the witnesses, their manner of testifying, and the reasonableness of their testimony in light of the other evidence, the Court found Connors more credible than Reeves with respect to whether Reeves had asked Connors to file a notice of appeal.   Accordingly, the Court found Reeves had not carried his burden of showing he had asked Connors to file a notice of appeal and rejected this argument as a basis for § 2255 relief.

As for Reeves' other grounds in support of § 2255 relief, the Court declines to hold a hearing because, as explained below, the record of the case clearly demonstrate he is entitled to no relief.

B.      Timeliness of Petition

The Government touches on the issue of the timeliness of Reeves' § 2255 motion.   A petitioner seeking relief under § 2255 must file his motion within the one-year statute of limitations set forth in § 2255(f).   Prisoners used to be able to file motions under § 2255 at any time during their sentences.   However, on April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, tit. I, § 106 (codified at 28 U.S.C. §§ 2244(a) & (b), 2255(f)), which added a one-year limitations period for a motion attacking a sentence.   The one-year limitations period runs from the latest of four events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the

movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The relevant triggering date in this case is the date Reeves' conviction became final. Judgment was entered in his case on November 22, 2010, and his period to appeal expired and his conviction became final fourteen days later, on December 6, 2010.   *See* Fed. R. App. P. 4(b)(1)(A).   Thus, Reeves had up to and including December 6, 2011, to file a § 2255 motion. *Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013).   Reeve's § 2255 motion bears a date of November 24, 2011, his supporting memorandum bears a date of November 24, 2012, and the Court received and docketed both documents on May 4, 2012.   In light of the extraordinarily long period between the date Reeves allegedly mailed the motion and the date the Court received it, along with the memorandum's clearly false date (it post-dates the Court's receipt of the memorandum by more than six months), the Court suspects Reeves is playing fast and loose with the truth as to the mailing dates to which he has sworn.   Nevertheless, because resolution of the mailing date discrepancy would likely require a hearing and because the Court can more efficiently dispose of Reeves' motion on the merits, the Court declines to delve farther into the timeliness issue.

C.   Failure to Investigate and Make Arguments

Reeves faults his counsel for failing to investigate evidence and failing to make arguments to the Court based on what he would have found in that investigation.   With two specific

exceptions noted below, Reeves' allegations are vague, asserting simply that counsel failed to investigate various aspects of sentencing facts, failed to present a defense to the PSR's relevant conduct finding, failed to pursue leads provided by Reeves, failed to review discovery materials, failure to object to uncorroborated, unreliable and conflicting sentencing information referred to in the PSR, and failed to subject the recommended relevant conduct finding to adversarial testing.

However, to establish prejudice, a § 2255 petitioner that asserts counsel was ineffective for failing to conduct an investigation must point the Court to "sufficiently precise information, that is, a comprehensive showing as to what the investigation would have produced" that would have had a reasonable chance of obtaining a different result.   *Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003) (internal quotations and citation omitted); *accord Richardson v. United States*, 379 F.3d 485, 488 (7th Cir. 2004).   He cannot rely on vague allegations that the investigation was insufficient or would have yielded favorable evidence.   *See Hardamon*, 319 F.3d at 951. Similarly, when the petitioner asserts counsel should have made a different argument, he must tell the Court what argument counsel should have made that would have had a reasonable chance of changing the result.   Here in these vague allegations, Reeves complains about his counsel's inadequate investigation and argument, but he doesn't explain what counsel could have found or argued had he performed differently and how it could have had a reasonable chance of changing the result of the sentencing.

One of the two specific allegations of failure to investigate relates to Brandy Scott, who provided a statement contained in the PSR regarding crack cocaine she purchased from Reeves that was inconsistent with a statement given by another confidential witness.   She said she purchased crack cocaine from Reeves three times every day while the other witness said Reeves

7

was making weekly trips to Texas to purchase drugs.   Reeves contends Scott must have been
lying because she could not have purchased drugs from him while he was out of town.   Reeves
claims he gave his counsel leads that would have demonstrated Scott was "a known liar who had a
penchant for fabricating information."   Pet.'s Mem. 8 (Doc. 2).

Even had counsel been deficient in pursuing impeaching information regarding Scott
sufficient to cast doubt on her statement to law enforcement officers, Reeves suffered no prejudice
from the failure to show Scott was untruthful.   The Court did not consider Scott's testimony in
calculating Reeves' relevant conduct.[2]

Finally, Reeves points to the what he argues is patently incredible information in the PSR
that Reeves sold 3.2 grams of crack cocaine for $150 and a few days later sold 6.7 grams for $200
(it is unclear which statement Reeves contends is incredible in light of the other).   The implication
is that counsel should have argued one of these transactions was so far-fetched that it could not
have been possible.

Again, Reeves suffered no prejudice from counsel's failure to highlight the alleged
improbability of one of these transactions.   The Court did not consider either transaction in its
relevant conduct calculation.

Because Reeves has failed to show any prejudice from counsel's investigation or
arguments to the Court, § 2255 relief is not warranted on this basis.

D.      Failure to Stand by Objections to Relevant Conduct

Reeves argued that his counsel withdrew his objections to the PSR's relevant conduct

---

[2] In fact, with respect to Reeves' crack cocaine relevant conduct, the Court considered only the
testimony of the confidential witness who testified about Reeves' trips to Texas in order to
establish his relevant conduct.   Discrediting Scott's testimony could have been detrimental to
Reeves by making that confidential witness' testimony appear more credible.

finding during the sentencing hearing without consulting with Reeves.   Relevant conduct, Reeves correctly notes, had been an issue specifically mentioned at the plea hearing as being in dispute, and his counsel deprived him of an opportunity to have the Court resolve the dispute.   At sentencing, the Court based its crack cocaine relevant conduct finding on one confidential witness' statement that he had seen Reeves with 28 ounces, or 793 grams, of crack cocaine.

Reeves' argument in this respect suffers from the same flaws as his prior argument.   Even if his counsel had been deficient for failing to consult him about withdrawing the relevant conduct objections to the PSR, Reeves has not specified what evidence his counsel could have presented or what argument he could have made to discredit the confidential witness' statement supporting the crack cocaine relevant conduct finding.   In the absence of such information, Reeves cannot show he suffered prejudice from withdrawal of the objections.

Furthermore, there was other relevant conduct in the PSR that the Court did not consider because it could have potentially amounted to double-counting of the 793-gram amount.   For example, other witnesses testified that Reeves bought 255 grams (PSR ¶ 40) and 126 grams (PSR ¶ 42).   Thus, if Reeves counsel had somehow convinced the Court to disregard the 793 grams of crack cocaine testified to by the confidential witness, the Court would have been able to rely on other witnesses to establish at least 381 grams of crack cocaine.   Combined with the 100 grams of heroin relevant conduct, this would have placed him in the same sentencing category as 793 grams of crack cocaine did – 1,000 to 3,000 kilograms of marihuana equivalent.   *See* U.S.S.G. § 2D1.1(c)(4) & app. n. 10 (2010 Supp. eff. Nov. 1, 2010).

Additionally, the Government's response to Reeves' relevant conduct objections demonstrates the very real possibility that it would have asked the Court to refrain from awarding

9

a three-point reduction for acceptance of responsibility pursuant to United States Sentencing Guideline Manual § 3E1.1(a) and (b) had Reeves persisted in his objections.   In light of the fact that the PSR provided at least two separate paths to calculate substantial amounts of crack cocaine relevant conduct and that Reeves has pointed to no realistic way for discrediting any of the witnesses paving those paths, it appears likely his objections would have been deemed frivolous and would have cost Reeves his acceptance of responsibility reduction and raised his sentencing guideline range.   While counsel should have consulted Reeves and explained this before withdrawing the objections, his decision to withdraw the objections was definitely a reasonable decision and did not cause any prejudice.

For these reasons, counsel was not constitutionally ineffective for withdrawing the objections to relevant conduct, and this decision cannot serve as a basis for § 2255 relief.

### E.   Failure to Argue the Fair Sentencing Act Applied

Reeves argues that his counsel was constitutionally ineffective for failing to argue on appeal that the FSA applies after specifically preserving it before the Court at the sentencing hearing.   To the extent Reeves faults his counsel for failing to file a notice of appeal, the Court addressed that matter in rejecting his first ground for § 2255 relief by finding Reeves did not ask his counsel to appeal.

Furthermore, Reeves suffered no prejudice from his counsel's failure to argue to the District Court that the statutory mandatory minimums of the FSA should apply in his case.   The FSA, signed into law on August 3, 2010, changed the threshold amount of crack cocaine necessary to qualify for the ten years to life sentencing range in 21 U.S.C. § 841(b)(1)(A)(iii) from 50 grams to 280 grams.   However, at the time of Reeves' sentencing – in fact, just a few weeks before his

10

sentencing – the Court of Appeals for the Seventh Circuit had decided in *United States v. Bell*, 624 F.3d 803, 814-15 (7th Cir. 2010), that the FSA's higher thresholds were not retroactive.   This Court would have likewise, based on the law at the time, declined to apply the FSA's higher thresholds even if Reeves' counsel had asked the Court to do so.

While this result was eventually negated by *Dorsey v. United States*, 132 S. Ct. 2321 (2012), which held that the FSA was retroactive to cases in the pipeline when it became law, even in light of *Dorsey*, Reeves suffered no prejudice.   His relevant conduct was clearly above 280 grams of crack cocaine and, with his heroin relevant conduct, converted into more than 1,000 kilograms of marihuana equivalent.   This qualified him for a ten-year mandatory minimum sentence regardless of whether the FSA applied, as Judge Murphy found in denying Reeves' motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) (Case No. 09-cr-40069-GPM, Doc. 793).

For these reasons, this argument does not warrant relief under § 2255.

F.    Failure to Argue *Alleyne* Principles

Finally, in his amendment to his § 2255 motion, Reeves claimed his counsel was constitutionally ineffective for failing to argue that a relevant conduct amount triggering a mandatory minimum sentence must be admitted by a defendant or found by a jury beyond a reasonable doubt.   In support of this argument, he cites *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013), which held that, except for prior convictions, "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury."   *Alleyne*, decided June 17, 2013, overruled *Harris v. United States*, 536 U.S. 545, 557 (2002), which had earlier held that facts found by a judge could increase the statutory mandatory minimum sentence applicable to a

11

defendant.   *Alleyne*, 133 S. Ct. at 2155.   However, when Reeves was sentenced in November 2010, *Harris* was the law of the land, and an argument based on *Alleyne* principles was a sure loser.   Counsel was not deficient because he failed to make an argument based on a case that had not been decided at the time or because he failed to anticipate a change in the law.   *See Valenzuela v. United States*, 261 F.3d 694, 700 (7th Cir. 2001) (counsel's failure to anticipate *Apprendi v. New Jersey*, 530 U.S. 466 (2000), was not deficient).

Furthermore, *Alleyne* does not apply retroactively to cases on collateral review.   *Alleyne* is part of the *Apprendi* line of cases that clarifies the decision-maker and the standard of proof for facts that determine a defendant's statutory sentencing range.   For the same reasons *Apprendi* does not apply retroactively on collateral review, *see Curtis v. United States*, 294 F.3d 841, 842-44 (7th Cir.2002), *Alleyne* does not either.   *See Wilson v. United States*, 414 F.3d 829, 831 (7th Cir. 2005) (noting "decisions in the *Apprendi* sequence to not apply retroactively on collateral review").

Because Reeves cannot show his counsel was deficient for failing to make an *Alleyne*-type argument and because *Alleyne* does not apply retroactively on collateral review, Reeves is not entitled to § 2255 relief on this basis.

## III.   Conclusion

For the foregoing reasons, the Court **DENIES** Reeves' § 2255 motion (Docs. 1, 2 & 11) and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: October 29, 2014**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

12